UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ANTHONY YOUNG,

               Plaintiff,

v.

BIANCA PACHECO-MAYBERRY, and
KATHLEEN BAKER AND ASSOCIATES,

               Defendants.

Case No. 3:24-cv-01360-AR

**ORDER TO AMEND**

**ARMISTEAD, Magistrate Judge**

    Plaintiff Anthony Young, representing himself, sues defendants Bianca Pacheco-Mayberry and Kathleen Baker and Associates, attorneys that represented Young's former partner Madison Lanyon at an August 16, 2024, Clackamas County Circuit Court hearing concerning the custody of Young's son. He asserts that Bianca-Mayberry failed to provide him notice that she would be representing Lanyon before the hearing took place. Additionally, he argues that Bianca-Mayberry is corrupt because she made several misrepresentations during the hearing,

Page 1 – ORDER TO AMEND

including that Lanyon is the primary parent of their son and that he is "toxic." According to Young, Lanyon has not helped pay for rent, owes him $5,000, and worked with family members to take his RV. After the hearing, in an Order attached to Young's complaint, Circuit Court Judge Cody Weston awarded Lanyon custody of their son and granted Young parenting time three weekends per month. Young alleges that Bianca-Mayberry's failure to provide him notice violated his civils rights and that she has broken the law. Based on those events, he seeks $1 million in damages, plus all court costs and fees. (Compl. at 3-8, ECF No. 1.) He also has a pending application to proceed without paying filing fees (*in forma pauperis*) (ECF No. 2.)

      As explained below, Young does not identify a source of the right to be notified that his partner has retained or been appointed counsel in a domestic-relations proceeding, or what law Bianca-Mayberry is alleged to have broken. The court is unaware of a federal constitutional or statutory provision that requires such notice and, therefore, the court appears to lack subject matter jurisdiction – or the power to decide his case – because no federal question is alleged in the complaint. Because Young and both defendants reside in Oregon, the court also lacks subject matter jurisdiction to decide his case because the parties are not citizens of different states. If Young wishes to contest the procedures and outcomes of his child custody proceedings that occurred in Oregon state court, he must do so through a through a direct appeal to a higher state court because this court lacks the authority to do so. Thus, as currently alleged, Young's complaint is deficient, and for this lawsuit to go forward, he must timely file an amended complaint that corrects the deficiencies identified in this order.

\\\\\

\\\\\

Page 2 – ORDER TO AMEND

## LEGAL STANDARD

The court screens cases when a plaintiff is proceeding without prepayment of fees based on an inability to pay them—that is, when a plaintiff proceeds *in forma pauperis*. For *in forma pauperis* cases, Congress directs that "the court shall dismiss the case at any time if the court determines that" the action is: (1) "frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The court's screening obligation includes determining whether a plaintiff's claims are capable of being tried by this court, or in other words, are cognizable claims.[1]

The court is generous in construing the pleadings of self-represented plaintiffs, giving the plaintiff the benefit of doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Self-represented plaintiffs are "entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (per curiam). "Although a *pro se* litigant . . . may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

---

[1] *See, e.g.*, *O'Neal v. Price*, 531 F.3d 1146, 1151 (9th Cir. 2008) ("After a prisoner applies for *in forma pauperis* status and lodges a complaint with the district court, the district court screens the complaint and determines whether it contains cognizable claims. If not, the district court must dismiss the complaint."); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners.").

Page 3 – ORDER TO AMEND

# DISCUSSION

A.  *Subject Matter Jurisdiction*

The United States Constitution and federal law allow only certain cases in federal court. That limited authority of a federal court is known as its **subject matter jurisdiction**, and, if a federal court does not have subject matter jurisdiction for a case, the court must dismiss it (in other words, put the case out of its consideration). See *Adkison v. C.I.R.*, 592 F.3d 1050, 1055 (9th Cir. 2010) (subject matter jurisdiction "refers to a tribunal's power to hear a case"). The two kinds of cases for which a federal court has jurisdiction are (1) "federal question" cases and (2) "diversity of citizenship" cases. *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994). This limited jurisdiction is different from Oregon circuit courts, which have subject matter jurisdiction over all actions unless a statute or law divests them of jurisdiction. *Owen v. City of Portland*, 368 Or. 661, 684 (2021) ("Oregon circuit courts 'ha[ve] general jurisdiction, to be defined, limited, and regulated by law in accordance with th[e Oregon] Constitution.' Or Const, Art VII (Original), § 1.").

To establish **federal question jurisdiction**, a plaintiff must plead that defendants have violated a **federal constitutional** or **statutory provision**. 28 U.S.C. § 1331; *In re Ford Motor Co./Citibank (S.D.), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) (The "party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). On his civil cover sheet, Young specifies that he is asserting federal question jurisdiction and that his cause of action is lawyer misconduct. Young does not, however, identify a federal constitutional or statutory provision that forms the basis of his claim that he had a right to be notified that his

partner retained or was appointed counsel in a domestic relations proceeding. The court is unaware of a federal constitutional provision or statutory provision that requires such notice, and therefore, the court appears to lack federal question jurisdiction. Although Young alleges that Pacheco-Mayberry broke the law, he has not provided enough factual detail in his complaint for the court to identify what federal statute is at issue. Thus, it is unclear to the court that any of the allegations in his complaint is a federal question, or in other words, violates federal law or the United States Constitution.

To establish **diversity jurisdiction**, a plaintiff must plausibly allege that **damages are more than $75,000, that he is a citizen of one state, and that all defendants are citizens of other states**. 28 U.S.C. § 1332(a). Young does not assert diversity jurisdiction, and for good reason. Although Young alleges that he is owed $1 million in damages, he provides an Oregon address for himself, for Pacheco-Mayberry, and Kathleen Baker and Associates. Because Young and both defendants appear to be citizens of Oregon, he and defendants are not citizens of different states, and thus the court lacks diversity jurisdiction over this action.

B.      *Rooker-Feldman Doctrine*

Under what is known as the *Rooker–Feldman* doctrine, federal district courts lack subject matter jurisdiction over lawsuits that are, in effect, appeals from state court judgments. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415 (1923); *Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2003). A federal lawsuit may be an improper appeal where the federal claims raised are intertwined with a state court judgment. *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008). This occurs where a federal lawsuit requests relief that would effectively reverse a state court decision or void its ruling.

*Fontana Empire Ctr., LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002); *see also Bianci v. Rylaarsdam*, 334 F.3d 895, 901 (9th Cir. 2003) ("[T]he *Rooker-Feldman* doctrine is not limited to claims that were actually decided by the state courts, but rather it precludes review of all state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." (quotation marks omitted)).

If Young is seeking to relitigate aspects of his child custody proceedings, the court is precluded from doing so by the *Rooker-Feldman* doctrine. In his complaint, Young asserts that due to Pachecho-Mayberry's actions, the state court did not hear all the facts, and he attaches Judge Weston's Order to his complaint. (Compl. at 6-9.) If Young wishes to contest the outcome of that case, however, the proper means to do so is through a direct appeal to a higher Oregon state court. This court has no power to review a state court's decisions.

C.  *Domestic Relations Exception*

Even if Young could establish diversity jurisdiction, under the domestic relations exception to diversity jurisdiction, federal courts have no authority to issue, modify, or enforce child custody decrees. *Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992); *Bailey v. MacFarland*, 5 F.4th 1092, 1097 (9th Cir. 2021); *Thompson v. Thompson*, 484 U.S. 174, 186 (1988). Accordingly, if Young seeks to terminate, alter, or enforce the terms of the child custody arrangement established in Judge Weston's hearing order, this court is without power to grant him that relief.

D.  *Sufficiency of the Complaint*

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "**a short and plain statement of the claim showing that the pleader is entitled to relief**." FED. R. CIV.

Page 6 – ORDER TO AMEND

P. 8(a)(2). When reviewing the sufficiency of a complaint filed by a self-represented plaintiff, the court liberally construes the pleadings and accepts as true the factual allegations contained in the complaint. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). That said, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, stating a claim requires the plaintiff to plead factual content that permits the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Id.*

As currently alleged, Young's complaint does not satisfy Rule 8. Young has not identified any facts describing how Kathleen Barker and Associates are responsible for any alleged wrongdoing, or when those events occurred. He also does not explain how his damages are alleged to have resulted from either Pacheco-Mayberry's or Kathleen Barker and Associates' actions or inactions. In its current form, Young's complaint does not allege sufficient facts to comply with Rule 8. *See McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (noting that Rule 8 requires "sufficient allegations to put defendants fairly on notice of the claims against them").

The **allegations are without enough factual detail to see that there is a basis for Young's legal claims against defendant Kathleen Barker and Associates and how defendants are responsible for damages.** In his amended complaint, Young **must identify and label his claim against each defendant and describe the factual circumstances supporting his claim** so that the court can tell that the alleged claims are at least plausible.

\ \ \ \ \

\ \ \ \ \

## CONCLUSION

If Young wishes to proceed with this case in this court, he must file an **AMENDED COMPLAINT** with sufficient factual allegations to support this court's subject matter jurisdiction over his claims, that this case is not an improper appeal of a domestic relations matter, and provides enough factual detail to support his claims as required by Federal Rule of Civil Procedure 8(a)(2). Young must file his **AMENDED COMPLAINT** by September 23, 2024. If Young fails to do that, the court may dismiss this action. The court **DEFERS** ruling on Young's application to proceed *in forma pauperis* (ECF No. 2).

DATED: August 23, 2024.

_____
JEFF ARMISTEAD
United States Magistrate Judge